IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | |
|---|---|
| C. HALEH GIACONE, | ) **JUDGE REINHARD** |
| Plaintiff, | ) |
| vs. | ) No.: |
| COMMUNITY HIGH SCHOOL DISTRICT NO. 155, aka CARY GROVE HIGH SCHOOL DISTRICT NO. 155 and the BOARD of EDUCATION of DISTRICT NO. 155, COUNTY of MCHENRY, STATE of ILLINOIS, | ) **00 C 50439** |
| | ) **JURY DEMANDED** |
| Defendants. | ) |

### COMPLAINT FOR RETALIATION UNDER TITLE VII

Plaintiff, C. Haleh Giacone, by her attorney, James X. Bormes, complains against Defendants Community High School District No.155, aka Cary Grove High School District No. 155 and the Board of Education of District No. 155, County of McHenry, State of Illinois, as follows:

### JURISDICTION and VENUE

1. This action arises under the Civil Rights Act of 1964, Title VII, 42 U.S.C. Sec. 2000-2 et seq.

2. Venue is proper in the Northern District of Illinois, Western Division, pursuant to 28 U.S.C. Sec. 1391(b).

### FACTS

3. Plaintiff is a female citizen of the United States of America and of the State of Illinois. Defendants employed Plaintiff from approximately August of 1996 to June of 1997. Plaintiff held the position of a teaching assistant at Cary Grove High School.

DOCKETED DEC 19 2000

4. Defendants are creatures of the State of Illinois.

5. Plaintiff, as a citizen of both the United States of America and the State of Illinois, is entitled to all the rights, privileges and immunities guaranteed to all citizens of the United States of America under the United States Constitution and Laws of the United States and Plaintiff is entitled to all rights, privileges and immunities guaranteed to the citizens of the State of Illinois under the Constitution and the Laws of the State of Illinois.

6. Defendants did not renew Plaintiff's employment contract after the 1996-1997 school year.

7. On June 17, 1997, Plaintiff filed a discrimination charge against Defendants with the Illinois Department of Human Rights (the "1997 Discrimination Charge") alleging that Defendants did not renew her contract based upon improper discriminatory reasons. The Illinois Department of Human Rights dismissed the 1997 Discrimination Charge on February 6, 1998 based on a lack of substantial evidence. The Chief Legal Counsel affirmed the dismissal in an order dated June 12, 1998.

8. In August of 1998, Plaintiff began working as an English teacher at Marengo Community High School ("Marengo High School").

9. Sometime after Plaintiff began working at Marengo High School and before officials at Marengo High School made a decision whether to renew her contract, Defendants in retaliation for Plaintiff having filed the 1997 Discrimination Charge informed officials at Marengo High School that Plaintiff had filed the 1997 Discrimination Charge.

10. In reliance upon the information that Plaintiff had previously filed a discrimination charge against Defendants, Marengo High School decided not to renew Plaintiff's contract to teach at Marengo High School

11. On or about January 5, 2000, Plaintiff filed charges with the Equal Employment Opportunity Commission ("EEOC") alleging Defendants retaliated against her because she had previously filed the 1997 Discrimination Charge.

12. On May 24, 2000, the EEOC issued a Determination where it found there was a "reasonable cause to believe that [Defendants] retaliated against [Plaintiff[ in violation of Title VII". (A copy of the Determination is attached as Exhibit A.)

13. The EEOC issued a right to sue letter on or about September 25, 2000. (A copy of the Right to sue Letter is attached as Exhibit A.)

14. Plaintiff has exhausted her State and Federal administrative remedies under 42 U.S.C. Sec. 2000e-5(f) (1) and has standing to file this civil action.

15. As a proximate cause of the retaliatory conduct alleged above, Plaintiff has suffered loss of income, loss of monetary benefits, mental distress, loss of future business opportunities and emotional pain and suffering. Plaintiff has been unable to obtain a position as a high school English teacher.

16. For the aforesaid reasons, Defendants violated 42 U.S.C. Sec. 2000e-3(a) et seq.

WHEREFORE, Plaintiff, C. Haleh Giacone, prays that this court enter an order providing as follows:

(a) Trial by Jury on the charges raised in this Complaint, and those filed with the EEOC;

(b) That a declaratory judgment be issued that Plaintiff's rights have been violated as alleged above and that the practices complained of herein are unlawful and violate Title VII, 42 U.S.C. Sec. 2000-2 et seq;

(c) Permanently enjoining the Defendants, their agents, successors, officers, employees and attorneys and those acting in concert with them from continuing any and all other practices shown to be in violation of applicable law;

(d) That Plaintiff have and recover from Defendants back wages and benefits, with pre- and post-judgment interest, actual, compensatory, consequential and punitive damages and any other damages to which Plaintiff might be entitled; liquidated damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of future business opportunities and other non- pecuniary losses in an amount not less than $1,000.000;

(e) Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees pursuant to the Civil Rights Act of 1976, 42 U.S.C. Section 1988 and any other applicable statute; and

(f) Such further relief this court deems equitable and just.

C. HALEH GIACONE,

By: _____
Her attorney

James X. Bormes
Law Office of James X. Bormes
8 South Michigan Avenue
Suite 2600
Chicago, IL 60603
312-201-0575
Fax 312-332-0600



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

500 West Madison St., Suite 2800
Chicago, IL 60661
PH: (312) 353-2713
TDD: (312) 353-2421
ENFORCEMENT FAX: (312) 886-1168
LEGAL FAX: (312) 353-8555

EEOC Charge Number: 210A01216

Mrs. C. Haleh Giacone                                    Charging Party
502 Palm Court
Crystal Lake, IL 60014

vs.

Cary Grove High School District #155                     Respondent
1 South Virginia Road
Crystal Lake, IL 60014

## DETERMINATION

Under the authority vested in me by the Commission's Procedural Regulations, I issue the following determination on the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended (Title VII).

The Respondent is an employer within the meaning of Title VII and all requirements for coverage have been met.

The Charging Party alleges that Respondent retaliated against her by disclosing information about an employment discrimination charge she had filed against it to her current employer, in violation of Title VII, which caused her to be terminated.

I have determined that the evidence obtained in the investigation establishes reasonable cause to believe that the Respondent retaliated against Charging Party in violation of Title VII.

This determination is final. When the Commission finds that violations have occurred, it attempts to eliminate unlawful practices by informal methods of conciliation. Therefore, I invite the parties to join with the Commission in reaching a just resolution of this matter. Disclosure of information obtained during the conciliation process will be made only in accordance with the Commission's Procedural Regulations (29 CFR Part 1601.26).

If the Respondent wishes to accept this invitation to participate in conciliation efforts, it may do so at this time by proposing terms for a conciliation agreement; that proposal should be provided to the Commission representative within 14 days of the date of the determination. The remedies for violations of the statutes we enforce are designed to make the identified victims whole and to provide corrective and preventive relief. These remedies may include, as appropriate, an agreement by the Respondent not to engage in unlawful employment practices, placement of identified victims in positions they would have held but for discriminatory actions, back pay, restoration of lost benefits, injunctive relief, compensatory and/or punitive damages, and notice to employees of the

EXHIBIT A

EEOC Charge Number 210A01216
Page Two

violation and resolution of the claim.

Should the Respondent have further questions regarding the conciliation process or the conciliation terms it would like to propose, we encourage it to contact the assigned Commission representative. Should there be no response from Respondent within 14 days, we may conclude that further conciliation efforts would be futile or nonproductive.

On Behalf of the Commission,

24 May 2000
Date

John P. Rowe
District Director

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

BLL:WBF:mdw
DJ 170-23-0

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

C. Haleh Giacone
502 Palm Court
Crystal Lake, Illinois 66014

   Re: C. Haleh Giacone v. Cary Grove High
    School District #155, EEOC No. 210-A0-1216

Dear Ms. Giacone:

  Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over this charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq., against the above-named respondent.
  If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.
  We are returning the EEOC files pertaining to your case to the District Office of the EEOC, located at the following address: Equal Employment Opportunity Commission, 500 West Madison St., Suite 2800, Chicago, IL 60661.
  This notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

           Sincerely,

           Bill Lann Lee
           Assistant Attorney General
           Civil Rights Division

      By:

           William B. Fenton
           Deputy Chief
           Employment Litigation Section

cc: EEOC District Office

EXHIBIT B

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
C. HALEH GIACONE

JUDGE REINHARD
00 C 50439

### DEFENDANTS
COMMUNITY HIGH SCHOOL DIST. NO. 155 aka CARY GROVE HIGH SCHOOL DIST. NO. 155 and the BOARD OF ED. of DIST. NO. 155, COUNTY of MCHENRY

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: McHenry
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: ___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
LAW OFFICE OF JAMES X. BORMES
8 South Michigan Avenue, Suite 2600
Chicago, IL 60603

ATTORNEYS (IF KNOWN)
00 C 50439

### II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

*PERSONAL INJURY*
- ☐ 362 Personal Injury – Med. Malpractice
- ☐ 365 Personal Injury – Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- HABEAS CORPUS:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS – Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

### VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Civil Rights 42 U.S.C. 2000-2 et seq

DOCKETED DEC 19 2000

### VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ 1,070,000

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

### VIII. This case
☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case number ___, previously dismissed by Judge ___

DATE: 12/13/00

SIGNATURE OF ATTORNEY OF RECORD: James X. B___

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

In the Matter of

C. HALEH GIACONE

v.

COMMUNITY HIGH SCHOOL DIST. NO. 155 et al.

JUDGE REINHARD

Case Number: **00 C 50439**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Plaintiff C. Haleh Giacone

---

**(A)**

SIGNATURE: [signed]

NAME: James X. Bormes

FIRM: LAW OFFICE OF JAMES X. BORMES

STREET ADDRESS: 8 South Michigan Avenue, Suite 2600

CITY/STATE/ZIP: Chicago, IL 60603

TELEPHONE NUMBER: 312-201-0575

FAX NUMBER: 312-332-0600

E-MAIL ADDRESS: jxbormes@aol.com

IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): 6202568

MEMBER OF TRIAL BAR? YES [XX] NO [ ]

TRIAL ATTORNEY? YES [XX] NO [ ]

**(B)**

SIGNATURE:
NAME:
FIRM:
STREET ADDRESS:
CITY/STATE/ZIP:
TELEPHONE NUMBER:
FAX NUMBER:
E-MAIL ADDRESS:
IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE):
MEMBER OF TRIAL BAR? YES [ ] NO [ ]
TRIAL ATTORNEY? YES [ ] NO [ ]
DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ]

**(C)**

SIGNATURE:
NAME:
FIRM:
STREET ADDRESS:
CITY/STATE/ZIP:
TELEPHONE NUMBER:
FAX NUMBER:
E-MAIL ADDRESS:
IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE):
MEMBER OF TRIAL BAR? YES [ ] NO [ ]
TRIAL ATTORNEY? YES [ ] NO [ ]

**(D)**

SIGNATURE:
NAME:
FIRM:
STREET ADDRESS:
CITY/STATE/ZIP:
TELEPHONE NUMBER:
FAX NUMBER:
E-MAIL ADDRESS:
IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE):
MEMBER OF TRIAL BAR? YES [ ] NO [ ]
TRIAL ATTORNEY? YES [ ] NO [ ]
DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ]

DOCKETED DEC 19 2000