

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50439 | **DATE** | 2/11/2002 |
| **CASE TITLE** | GIACONE vs. COMMUNITY HIGH | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion for summary judgment is granted. This case is hereby dismissed in its entirety with prejudice. Any pending motions are now moot.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | FEB 11 2002 | |
| | Notified counsel by telephone. | | date docketed | 21 |
| | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | | 2-11-02 | |
| | | 02 FEB 11 AM 11:05 | date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | aw mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, C. Haleh Giacone, filed an amended complaint ("complaint") against defendants, Community High School District No. 155 and its Board of Education, alleging defendants retaliated against her in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000-2 et seq.) for filing a discrimination charge against them with the Illinois Department of Human Rights ("IDHR") in June 1997. The complaint asserts the retaliation involved defendants informing her new employer, Marengo Community High School District No. 154 ("Marengo") of her 1997 discrimination charge against defendants, resulting in Marengo not renewing her contract for the following school year. Jurisdiction and venue are proper in this court under to 42 U.S.C. § 2000e-5(f)(3). Defendants initially moved to dismiss pursuant to Fed. R. 12(b)(6). The motion was converted to a motion for summary judgment under Fed. R. 56 and is now before the court.

The complaint asserts two retaliatory acts: (a) that Marengo's attorney obtained a copy of the IDHR's confidential investigative report of the 1997 discrimination charge and that defendants were the only possible source for that document and (b) in June 1998, "Mary O'Meara, an employee of Defendants advised her sister, Trisha Grant, who was an employee of [Marengo] that Plaintiff had filed the 1997 Discrimination Charge." (Am. Comp. ¶8) Plaintiff concedes in her memorandum in opposition to summary judgment that she cannot establish the causation element of her prima facie case on the delivery of the IDHR report. (Pl. Memo. p.6) She, therefore, is relying only on the communication between O'Meara and Grant for her retaliation claim. (Id.)

Summary judgment is appropriate when, after construing all facts and drawing all reasonable inferences in favor of the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Hall v. Bodine Elec. Co., 276 F.3d 345 (7th Cir. 2002). In order to avoid summary judgment, a plaintiff needs to supply evidence sufficient for a jury to render a verdict in plaintiff's favor. See Basith v. Cook Cty, 241 F.3d 919, 926 (7th Cir. 2001).

O'Meara's deposition is included in the record. (LR 56.1(a) Resp. Ex. II, B) In it she states only that when Grant advised her Marengo had hired plaintiff, that she told Grant plaintiff had previously worked for defendants. (O'Meara Dep. p. 14.) She denies telling Grant plaintiff had any type of dispute with defendants. (Id.) The only other evidence of this conversation comes via Attorney Allyn J. Franke who represented Marengo in a proceeding plaintiff brought against Marengo. The record contains a letter from Mr. Franke to the Equal Employment Opportunity Commission in connection with the Marengo case in which he states:

"I contacted [Marengo] concerning any information it received regarding the Complaint filed by [plaintiff] against [defendants] as I was not aware of the details in that area. [Marengo] advised that after [plaintiff] had been hired by [Marengo} on May 28, 1998, English Department Coordinator, Trisha Grant for [Marengo], following the end of the school year on June 4, 1998, was visiting her sister, who was a teacher at [defendants]. The two Grant sisters were discussing 'shop' and Trisha Grant mentioned that [Marengo] had hired a new English teacher by the name of Giacone and her sister commented that Mrs. Giacone had filed a complaint with the EEOC against [defendants] but did not provide details. Trisha Grant reported the conversation with her sister to the Principal and Superintendent of [Marengo]." ( LR 56.1(b) Ex. 3)

This statement of Franke's is inadmissible hearsay and cannot be considered on a summary judgment motion. See Minor v. Ivy Tech State College, 174 F.3d 855, 855-56 (7th Cir. 1999). Franke's statement in his letter derives from his conversation with an undisclosed person at Marengo. That person's information necessarily derives from an undisclosed chain which somehow (possibly through the Principal or Superintendent) works its way back to Grant. Franke's statement concerning what his client said Grant said about what O'Meara said is hearsay. See Morrow v. Wal-Mart Stores, Inc., 152 F.3d 559, 563 (7th Cir. 1998) (affiant's statement that other employees told her they had made complaints was hearsay on issue whether complaints were in fact made.) O'Meara testified she never told Grant about any dispute between plaintiff and defendants. (O'Meara Dep. p.14) There is no admissible evidence O'Meara told Grant about the 1997 discrimination charge and defendants, therefore, are entitled to summary judgment.

Even if there were admissible evidence that O'Meara made the statement, defendants would still be entitled to summary judgment. The conversation occurred almost one year after the 1997 charge was filed. This length of time is too long, without more, to support an inference of retaliation, see Lewis v. Holsum of Fort Wayne, Inc., 2002 WL 101101 at *4 (7th Cir. 2002), and plaintiff does not present evidence sufficient to establish a causal link. The other "bad acts" plaintiff recites in her brief, which she acknowledges were not included in her EEOC charge and cannot be a basis for her suit (Pl. Memo. p. 8), are not materially adverse actions, which are necessary to sustain a retaliation claim. See Gawley v. Indiana Univ., 276 F.3d 301, 314 (7th Cir. 2001)

Based on the foregoing, defendant's motion for summary judgment is granted and this case is hereby dismissed in its entirety with prejudice.

# United States District Court
## Northern District of Illinois
### Western Division

C. Haleh Giacone　　　　　　　　　　**JUDGMENT IN A CIVIL CASE**

v.　　　　　　　　　　　　　　　　　Case Number: 00 C 50439

Community High School District No. 155, et al.

☐　　Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■　　Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendants' motion for summary judgment is granted. This case is hereby dismissed in its entirety with prejudice. Any pending motions are now moot.

All prior orders in this case are now final and appealable.

FILED-WD
02 FEB 11 AM 11:05
CLERK
U.S. DISTRICT COURT

　　　　　　　　　　　　　　　　　　　Michael W. Dobbins, Clerk of Court

Date: 2/11/2002　　　　　　　　　　　_Susan M. Wessman_
　　　　　　　　　　　　　　　　　　　Susan M. Wessman, Deputy Clerk